IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2002

## STATE OF TENNESSEE v. WILLIE LEE DAVIDSON

**Direct Appeal from the Circuit Court for Sevier County**
**No. 7673 & 7674     Rex Henry Ogle, Judge**

---

**No. E2001-02659-CCA-R3-CD**
**May 16, 2003**

---

The appellant, Willie Lee Davidson, pled guilty to the offenses of hindering a secured creditor and the sale of cocaine. As part of the plea agreement the appellant agreed to a sentence of two years for the former offense and three years for the latter. By agreement the sentences were to run concurrently, with the manner of service to be left to the trial court. The trial court denied any form of alternative service of the appellant's effective three-year sentence and ordered the appellant to serve his sentence in incarceration. From this decision the appellant brings this appeal. After reviewing the record and applicable authorities, we hold there is no reversible error in this case. The judgment of the trial court is therefore AFFIRMED.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Edward C. Miller, Public Defender, Dandridge, Tennessee, for appellant, Willie Lee Davidson.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Steve Hawkins, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

Factual Background

Following entry of the appellant's guilty pleas, a hearing was held on the appellant's request for alternative sentencing. At that hearing the appellant, who is now 63 years old, testified that he has numerous significant health problems for which he requires fifteen medications. He is often confined to a wheelchair, but also can walk occasionally with the assistance of a walker. The appellant admitted his participation in the sale of cocaine.

The stipulated proof at the sentencing hearing was that the appellant and a co-defendant sold a motorcycle they owned and then reported the vehicle stolen in order to claim insurance proceeds. It was also stipulated that the defendant had sold 0.4 grams of cocaine to an undercover police officer. The record reflects that the appellant had a prior drug related conviction in 1993 and had received an alternative sentence of split confinement followed by community corrections. The community corrections portion of that sentence had ended only months before the appellant's arrest on the instant charges.

## Appropriateness of Confinement

The defendant essentially presents two arguments with regard to his sentence of confinement. First, he maintains that, although there is a mandatory duty to do so, the trial court failed to consider applicable enhancement and mitigating factors at his alternative sentencing hearing. Secondly, he maintains that his serious health problems outweigh any societal need to confine him in prison and that therefore the trial judge should have ordered some form of service of the sentence that did not involve incarceration. We must respectfully disagree with both of these assertions.

It is true that Tennessee Code Annotated section 40-35-210(b)(5) mandates that in setting both the specific sentence term and the appropriate manner of service a trial court "shall" consider the "evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114 . . .". However, in the instant case the length of the sentences was agreed upon by the parties. As a result no proof was offered as to any specific statutory enhancing or mitigating factor. We know of no authority requiring trial judges to take judicial notice of such factors. Nevertheless, we will consider the applicability of the mitigating factors the appellant suggests are apparent of record.

In the instant case the appellant suggests that the trial judge should have applied the mitigating factor found at Tennessee Code Annotated section 40-35-113(1), to wit: that the defendant's conduct neither caused nor threatened serious bodily injury. He also suggests that mitigating factors found at section 40-35-113(6) and (8) are applicable. The first of these mitigates a sentence if the defendant's age compromises his judgment in committing the offense. The latter relates to the defendant having a mental or physical condition that reduces his culpability for the offense committed. We will address each of these factors in turn and discuss their application to the appellant.

This Court, until recently, had often held that the mitigating factor relating to the defendant's actions having neither caused nor threatened serious bodily injury had no application in cases involving cocaine. See, e.g. State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997). However, in the case of State v. Ross, 49 S.W.3d 833 (Tenn. 2001), the supreme court of this state held that such a per se exclusion of this mitigating factor in a case involving constructive felonious possession of cocaine was not consistent with the individualized sentencing scheme of the 1989 Criminal Sentencing Reform Act. Id. at 848-49. It is debatable, however, as to whether Ross is limited to the particular facts presented, or whether the decision stands for the broader proposition

-2-

that the per se exclusion of a particular mitigating factor to an entire class of offenses is always erroneous. Id.

In any case the record before us in this case is bereft of any information regarding the specific circumstances of either of the crimes committed by the appellant. While it is unlikely that the crime of hindering a secured creditor carried with it any potential for physical harm, it is often the case that sales of narcotics, even in controlled buys, is fraught with peril. Some of the participants in these transactions are often armed and under the influence of alcohol, a controlled substance, or both. Given that there is a lack of evidence in the record as to the specific circumstances of the appellant's crimes, we are unwilling to say the trial court erred in not *sua sponte* considering this mitigating factor.

With respect to the mitigating factors involving the appellant's age and physical condition, it appears that these factors are applicable when they somehow lessen the criminal defendant's culpability for the offense committed. In the instant case there is nothing to suggest that the appellant's age or physical condition lessen his responsibility for the offenses he committed. Rather, his argument is that his age and physical condition will make incarceration more difficult for him than for a younger, abler individual. Under these circumstances the trial judge was not under any command, other than that of his sense of mercy, to consider the appellant's age or physical condition. Indeed, it does appear that the trial court considered the appellant's health problems and correctly noted they had not prevented the criminal acts to which appellant pled guilty. Moreover, as the trial court noted, medical services are available within the Department of Correction.

The record shows the appellant had only months before the instant offenses completed a community corrections sentence on a narcotics conviction. Thus, the trial court correctly concluded that the appellant was an offender for whom measures less restrictive than confinement had recently been applied unsuccessfully. This is an appropriate factor for the denial of an alternative sentence. Tenn. Code Ann. § 40-35-103(1)(C). We therefore find no reversible error regarding the decision to incarcerate the appellant.

### Conclusion

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE